**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Christopher Peterson, | |
| Plaintiff, | Case No: |
| v. | |
| Europa Eyewear LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

SLG SANDERS · LAW GROUP ·

## COMPLAINT

Plaintiff Christopher Peterson ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Europa Eyewear LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is an award-winning professional photographer whose work is routinely licensed and published through newspapers, magazines, media organizations, editorial publications, entertainment publications, and digital-media outlets.

3. Plaintiff created a photograph depicting actress Sienna Miller (the "*Photograph*"), in which Plaintiff owns the rights and licenses for various authorized uses, including online and print publications.

4. Defendant is an eyewear company that owns and operates social-media accounts on Facebook and Instagram that serve as marketing, branding, audience-engagement, customer-acquisition, and business-development platforms through which Defendant promotes its products and commercial activities.

5. Defendant's business model depends in substantial part upon the creation, publication, promotion, and distribution of written and visual content through those accounts. Defendant uses the Accounts to attract prospective customers, increase audience engagement,

strengthen its brand, promote products, increase sales opportunities, and generate commercial value.

6. Defendant owns and operates a Facebook account at domain www.facebook.com ("*Account 1*") and an Instagram account at domain www.instagram.com ("*Account 2*").

7. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Accounts (hereinafter the social media platforms set forth above are referred to collectively as the "*Accounts*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

8. Plaintiff is a citizen of the State of New York and maintains a principal place of business in Albany County, New York.

9. Defendant is a Delaware limited liability company with a principal place of business at 255 Corporate Woods Parkway, Vernon Hills in Lake County, Illinois and is liable and responsible to Plaintiff based on the facts herein alleged.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Illinois.

12. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

**A. Plaintiff's Copyright Ownership**

13. Plaintiff is an award-winning professional photographer whose work has been widely published by newspapers, magazines, media organizations, editorial publications, digital-

SLG SANDERS LAW GROUP

media companies, entertainment publications, and news outlets.

14. Plaintiff is recognized for documenting celebrities, entertainment events, public figures, fashion, lifestyle, newsworthy events, and matters of significant public interest.

15. Plaintiff's photographs have appeared in major media publications and are routinely licensed for editorial, journalistic, commercial, advertising, promotional, and entertainment uses.

16. Plaintiff's work has been published by nationally recognized media organizations and distributed to broad audiences throughout the United States and internationally.

17. Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of Plaintiff's photography business.

18. Plaintiff has devoted substantial time, skill, effort, training, creativity, and expense to developing a portfolio of original photographic works.

19. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office covering many of Plaintiff's photographs.

20. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

21. On April 27, 2023, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

22. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

23. On July 25, 2023, the Photograph was registered by the USCO under Registration No. VA 2-359-732.

24. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B. Defendant's Infringing Activity**

25. Defendant is the registered owner of the Accounts and is responsible for their

SLG SANDERS · LAW GROUP ·

content.

26. Defendant is the operator of the Accounts and is responsible for their content.

27. The Accounts form significant components of Defendant's commercial enterprise and serve as marketing, branding, customer-acquisition, audience-engagement, and business-development platforms through which Defendant promotes its eyewear products, brands, collections, and related commercial offerings.

28. Upon information and belief, Defendant utilizes photographs, promotional imagery, celebrity-related content, fashion content, lifestyle imagery, advertising content, and other visual-media assets through the Accounts in order to attract prospective customers, increase audience engagement, strengthen its brand identity, promote products, expand audience reach, and generate commercial value.

29. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of visual-media content through the Accounts in order to attract audience attention, increase engagement, enhance brand visibility, influence consumer purchasing decisions, increase sales opportunities, and generate revenue.

30. Upon information and belief, Defendant operates in an industry in which photographs, celebrity imagery, fashion photography, lifestyle photography, advertising imagery, and other copyrighted visual content are routinely used to market products, establish brand identity, influence consumer behavior, and generate revenue.

31. Upon information and belief, Defendant specifically used the Photograph because of its celebrity subject matter and its ability to attract viewer attention, enhance the attractiveness of Defendant's promotional content, increase audience engagement, and promote Defendant's eyewear products and brand identity.

32. On or about May 11, 2023, Defendant reproduced and publicly displayed the Photograph on Account 1 as part of a Facebook post at URL: https://www.facebook.com/AOEyewear1833/posts/pfbid0rwy
ViVcjKKypiwfzRX38BTMvXMxgKTAu3BSgxjvYQ6Rhvuj8ycJj6Uu8hcEoGuCl

("*Infringement 1*").

33. Further, on or about May 11, 2023, Defendant reproduced and publicly displayed the Photograph on Account 2 as part of an Instagram post at URL: https://www.instagram.com/p/CsHGjU-hX1u/?hl=en&img_index=1 ("*Infringement 2*").

34. Copies of screengrabs of the Accounts including the Photograph are attached hereto collectively as Exhibit 2.

35. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Photograph on the Accounts.

36. Plaintiff first observed and actually discovered the Infringements on October 24, 2023.

37. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

38. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

39. The Infringements are exact copies of Plaintiff's original Photograph that were directly copied, reproduced, stored, and publicly displayed by Defendant on the Accounts and contain the same protectable elements, including composition, subject matter, timing, perspective, angle, lighting, and overall expressive content.

40. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Accounts, including Plaintiff's Photograph.

41. Upon information and belief, the Photograph was intentionally, willfully, and volitionally selected, published, displayed, distributed, and stored by Defendant.



SLG SANDERS LAW GROUP

42. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was unaware of the infringing activities constituting the Infringements because such a claim would amount to willful blindness.

43. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

44. Upon information and belief, Defendant exercised editorial, managerial, and operational control over content appearing on the Accounts.

45. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Accounts.

46. Upon information and belief, Defendant received a financial benefit directly attributable to the Infringements.

47. Upon information and belief, the Infringements increased engagement with the Accounts and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

48. Upon information and belief, Defendant distributed the Infringements to a broad audience through the Accounts and derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, increased traffic, product promotion, and related business-development opportunities.

49. Upon information and belief, Defendant derived commercial value from using the Photograph to attract attention to the Accounts, promote eyewear products, strengthen brand recognition, increase audience engagement, and enhance the effectiveness of its marketing and advertising activities.

50. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

51. Defendant's use of the Photograph harmed the actual market for the Photograph.



SLG SANDERS LAW GROUP

52. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

53. On September 4, 2025, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

54. On September 17, 2025, Defendant, through counsel, acknowledged Plaintiff's correspondence and represented that the posts containing the Photograph had been removed. Defendant further acknowledged that it was investigating how the unauthorized use occurred.

55. Despite removing the Infringements, Defendant did not resolve Plaintiff's claims concerning its past unauthorized reproductions and displays of the Photograph.

56. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

57. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

58. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

59. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

60. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

61. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

62. Without permission or authorization from Plaintiff and in violation of Plaintiff's rights under 17 U.S.C. §106, Defendant copied, reproduced, distributed, and publicly displayed

SLG SANDERS LAW GROUP

the Photograph, thereby violating Plaintiff's exclusive rights under the Copyright Act.

63. Defendant's reproduction and public display of the Photograph constitutes copyright infringement.

64. Upon information and belief, Defendant willfully infringed Plaintiff's copyrighted Photograph by using, publishing, displaying, communicating, publicizing, and otherwise exploiting the Photograph for commercial benefit without Plaintiff's license, consent, or authorization.

65. As a result of Defendant's violations of Title 17 of the United States Code, Plaintiff is entitled to an award of actual damages and disgorgement of Defendant's profits attributable to the Infringements as provided by §504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, statutory damages pursuant to §504(c).

66. As a result of Defendant's violations of Title 17 of the United States Code, the Court in its discretion may allow recovery of full costs as well as reasonable attorney's fees pursuant to §505.

67. Plaintiff reserves all rights and remedies available under the Copyright Act.

SLG SANDERS · LAW GROUP ·

## JURY DEMAND

68. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by reproducing, distributing, and publicly displaying it without a license or authorization;

b. for an award of actual damages and disgorgement of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. §504(b) in an

amount to be proven or, in the alternative, at Plaintiff's election, statutory damages pursuant to §504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: September 2, 2026

**SANDERS LAW GROUP**

By: *__/s/ Craig Sanders__*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129349

*Attorneys for Plaintiff*

SLG SANDERS LAW GROUP